UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20550-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLAN SHERIDAN GOPIE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Allan Sheridan Gopie's Motion for Compassionate Release to Home Confinement, ECF No. [76] ("Motion"). The Government filed a Response in Opposition, ECF No. [77] ("Response"), to which Defendant did not file a reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

On February 21, 2020, Defendant was sentenced to imprisonment for one year and one day followed by three years' supervised release and ordered to pay restitution in the amount of $38,802.92, following his conviction for conspiracy to commit theft of government money in violation of 18 U.S.C. § 371. ECF Nos. [66] and [67]. He has served less than 5 months of that sentence, and he is currently housed at FDC Miami.

On June 18, 2020, Defendant filed the instant Motion requesting that the Court grant him early release so he can assist his elderly parents in New York. ECF No. [76]. The Motion represents that due to the current coronavirus ("COVID-19") pandemic, Defendant's mother is a "high risk"

individual because of her health, which include asthma and COPD.[1] Defendant states that New York has been particularly affected by the pandemic and his brother has not provided his parents with much assistance. *Id.* Defendant would like the opportunity to be with his wife, parents, and daughter "sooner than later." *Id.* at 2. The Government opposes Defendant's request for early release. *See* ECF No. [77].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 2,982,000 confirmed cases and over 131,000 reported deaths as of July 8, 2020.[2] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home

---

[1] The Motion includes a letter from Dr. Qamar Zaman that represents that Defendant's father had major heart surgery in December 2019 and that his mother is under his care for COPD. ECF No. [76] at 5. The letter does not describe these individuals' conditions, the severity of their problems, the nature of the treatments, or their future outlook.

[2] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated July 8, 2020).

confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

3

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>>
>> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent

4

they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Defendant's Motion and his requested relief are based, in large measure, on his desire to care for his elderly parents. The Government opposes, arguing that Defendant failed to exhaust his administrative remedies before filing the Motion, he has not demonstrated any "extraordinary and compelling reasons" for a sentence reduction, and he is scheduled for a halfway house placement beginning on September 1, 2020. ECF No. [77]. Upon review and consideration, the Court agrees that Defendant fails to present circumstances warranting early release.

As an initial matter, the Motion represents that Defendant submitted a petition for compassionate release to the Warden on an unspecified date, which was later denied. ECF No. [76] at 1.[3] The Motion was filed on June 18, 2020. Based on the Motion, the Court cannot conclude that Defendant fully exhausted his administrative remedies before filing the Motion. This alone is a sufficient basis to deny the Motion. However, because over thirty days have lapsed since June 3, 2020, the Court will assume for purposes of analysis that Defendant had satisfied the initial step in seeking relief under section 3582. Nonetheless, as explained below, Defendant has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of one year and one

---

[3] The Motion does not reference dates. However, the Response represents that the petition was denied by the Warden on June 3, 2020, and the thirty-day period expired on July 3, 2020. ECF No. [77] at 2-3.

day was appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served approximately 5 months of that sentence. Moreover, Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago.").

The Court is mindful of Defendant's desire to care for his aging parents. However, this is not a sufficient ground to alter his sentence. Defendant presents no evidence that his parents cannot be cared for without him. In this respect, although Dr. Zaman's letter notes without elaboration that Defendant's parents "require help" from Defendant to take them to medical care, pharmacies, and grocery stores, ECF No. [76] at 5, the letter does not provide that Defendant is the only available caregiver. Indeed, it does not even contemplate whether care by any other potential caregiver, family or otherwise, is available or beneficial. It likewise does not give any explanation why Defendant's "help" is "required." While the Defendant is needed to transport his parents, that service can be performed by others and does not justify release.

Regarding the "extraordinary and compelling reasons" test, Defendant presents no evidence that his parents' circumstances satisfy this element. CDC guidance indicates that

individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[4]

Defendant's concerns regarding his parents' health during this time are valid and understandable. His father recently had heart surgery and his mother has COPD. However, there is no showing that the Defendant's parents have been exposed to any individuals with COVID-19 or that they are in declining health. *See, e.g.*, *United States v. Allen*, 87 F.3d 1224 (11th Cir. 1996) (vacating sentencing judgment where district court granted significant downward departure for defendant that was the primary caretaker of her elderly father that suffered from Alzheimer's and Parkinson's diseases, and explaining that defendant's "family responsibilities, though difficult, are not extraordinary" and defendant "'has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts [familial] relationships'") (citation omitted). Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy

---

[4] *People of Any Age with Underlying Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated June 25, 2020).

statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Therefore, Defendant has not met his burden that extraordinary and compelling reasons exist to support his request for early release.[5]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [76]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

---

[5] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release, the Court does not address the final consideration of whether Defendant poses a danger to the safety of others or to the community under § 3142(g).